IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-04561-RTG

JHON JAIRO VASQUEZ MORENO,

Petitioner,

v.

WARDEN, AURORA CONTRACT DETENTION FACILITY,
FIELD OFFICE DIRECTOR, ICE DENVER FIELD OFFICE,
DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,
SECRETARY, U.S. DEPARTMENT OF HOMELAND SECURITY, and
ATTORNEY GENERAL OF THE UNITED STATES,

Respondents.

---

**ORDER OF DISMISSAL**

---

Petitioner Jhon Jairo Vasquez Moreno, a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado, submitted to the court *pro se* a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 and paid the required filing fee. (ECF No. 1). Accordingly, this habeas corpus action was opened.

On September 17, 2026, the Court ordered Petitioner to cure certain filing deficiencies. (ECF No. 5). Specifically, Petitioner was ordered to submit a habeas application on the court-approved form. (*Id.*); *see also* D.C.COLO.LCivR 5.1(c) (unrepresented parties must use the forms posted on the court's website). The Court

gave Petitioner 30 days to comply and warned that failure to cure the defects would result in the dismissal of this action without further notice. (*Id.*).

On September 25, 2026, Petitioner submitted "Supplemental Exhibits" in support of his Petition but did not cure the deficiencies as ordered. (ECF No. 6). Thus, on September 30, 2026, the Court entered a Minute Order giving Petitioner another opportunity to submit his Petition on the Court-approved form Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (ECF No. 7). The Court also directed the Clerk of the Court to mail to Petitioner a copy of the court-approved form, and the docket sheet indicates that the form was sent to Petitioner. (*Id.*). Petitioner has not responded to the Court's September 30 Minute Order or communicated with the Court in any way. (*See* docket). Therefore, this action will be dismissed without prejudice for failure to comply with the Court's order to cure filing deficiencies and the failure to prosecute.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order is not taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If a notice of appeal is filed, Petitioner must also pay the full $605 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that this action is DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a Court order and the failure to prosecute. It is

FURTHER ORDERED that no certificate of appealability will issue because Petitioner has not made a substantial showing of the denial of a constitutional right. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is DENIED WITHOUT PREJUDICE to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this 9th day of November, 2026.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court